

Page 2

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of Wyoming |
|---|---|
| Name (under which you were convicted): Andrew Lambert Silicani | Docket or Case No.: 15-1 8051 |
| Place of Confinement: Florence Federal Prison | Prisoner No.: 14126-091 |
| UNITED STATES OF AMERICA v. | Movant (include name under which convicted) Andrew Lambert Silicani |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   United States District Court Cheyenne, WY

   (b) Criminal docket or case number (if you know): 15-CR-00057

2. (a) Date of the judgment of conviction (if you know): 4-27-2015

   (b) Date of sentencing: 7-6-2015

3. Length of sentence: 420 Months

4. Nature of crime (all counts): Use of Interstate Commerce facilities in the commission of Murder for Hire.

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐  (2) Guilty ☒  (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? ____

Page 3

    (c) If you entered a guilty plea pursuant to a plea bargain, state the terms and conditions of the agreement.

NA

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☒

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?    Yes ☒    No ☐

    (a) If you did not appeal, explain briefly why you did not: NA

9. If you did appeal, answer the following:

    (a) Name of court: United States Court of Appeals - 10th Circuit

    (b) Docket or case number (if you know): 15-8051

    (c) Result: decision of the district court was affirmed

    (d) Date of result (if you know): 5-27-2016

    (e) Citation to the case (if you know): 

    (f) Grounds raised: District Court abused its discretion failing to Sua Ponte order a hearing under 18 U.S.C § 4244 to assess a matter Defendant should have been hospitalized rather than imprisoned

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☒    No ☐

    If "Yes," answer the following:
    (1) Docket or case number (if you know): 16-6577
    (2) Result: Petition Denied
    (3) Date of result (if you know): 10-26-16
    (4) Citation to the case (if you know):
    (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?     Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _NA_
        (2) Docket or case number (if you know): _NA_
        (3) Date of filing (if you know): _NA_
        (4) Nature of the proceeding: _NA_
        (5) Grounds raised: _NA_
        (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
            Yes ☐   No ☒
        (7) Result: _NA_
        (8) Date of result (if you know): _NA_

    (b) If you filed any second motion, petition, or application, give the same information:
        (1) Name of court: _NA_
        (2) Docket or case number (if you know): _NA_
        (3) Date of filing (if you know): _NA_
        (4) Nature of the proceeding: _NA_
        (5) Grounds raised: _NA_
        (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
            Yes ☐   No ☒
        (7) Result: _NA_
        (8) Date of result (if you know): _NA_

    (c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
        (1) First petition:    Yes ☐   No ☒
        (2) Second petition:   Yes ☐   No ☒

    (d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _NA_

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

Page 5

GROUND ONE: All 4 Counts Should have Been Grouped together under 1 Count

(a) Supporting facts (Briefly summarize your claim. You may provide additional argument and legal citations in a separate supporting memorandum): U.S. Sentencing Guidelines/Manual 3D1.2 States. Groups of Closely Related Counts'. All Counts involving Substantially the Same harm shall be grouped together in a single group. There are several cases where this applies have gone back for Resentencing Due to the facts that all counts should've been grouped under 1 count. My case is no Different. I was Sentenced to 420 Months when it should've Been No More than 120 Months. The United States argues that each letter is a Seperate offence But if you look at the U.S. Sentencing Guidelines 3D1.2 you'll see that's clearly not the case. Specifically Where it states (b) When Counts involve the Same Victim and two or more acts or Transactions Connected by a Common Criminal objective or Constituting part of a Common Scheme or plan. For additional Argument See Seperate Supporting Memorandum. (Attached)

(b) Direct Appeal of Ground One:
  (1) If you appealed from the judgment of conviction, did you raise this issue?   Yes ☐   No ☒
  (2) If you did not raise this issue in your direct appeal, explain why: I feel My Rights were not with met & I didnt recieve the Best Representation possible. There for Ineffective defense Counsel is the Reason these arguments didnt get Raised.

(c) Post-Conviction Proceedings:
  (1) Did you raise this issue in any post-conviction motion, petition, or application?   Yes ☐   No ☒
  (2) If your answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: NA
  Name and location of the court where the motion or petition was filed: NA
  Docket or case number (if you know): NA
  Date of the court's decision: NA
  Result (attach a copy of the court's opinion or order, if available): NA
  (3) Did you receive a hearing on your motion, petition, or application?   Yes ☐   No ☒
  (4) Did you appeal from the denial of your motion, petition, or application?   Yes ☐   No ☒
  (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?   Yes ☐   No ☒
  (6) If your answer to Question (c)(4) is "Yes," state:
  Name and location of the court where the appeal was filed: NA
  Docket or case number (if you know): NA
  Date of the court's decision: NA
  Result (attach a copy of the court's opinion or order, if available): NA
  (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: NA

## GROUND ONE: Continued.

All 4 Counts Should've been Grouped together under 1 count. Seperate letters does not call for seperate counts. It's all considered a form of communication whether its phone calls, letters or emails. It all relates to one common scheme or plan. As I've stated allready under the Sentenceing Guidelines 3D1.2 The Gov't. erred in Sentenceing me to more than 1 count. In the process violating my rights & Sentenceing me to more than 10 years. Theres several cases I've found under this statuet. Such as U.S. V. Wynn, 987 F.2d 354 (1993) Where he filed an appeal & one of his arguments being that the Gov't. violated his right to due process & tryed arguing that each phone call was a seperate offense. Clearly thats wrong. His case was remanted for resentanceing. Another case that was mentiond is U.S. V. Wilson, 920 F.2d 1290, 1294 (6th Cir. 1990) In his case, The Gov't. tryed seperating phone calls and a letter, stateing there seperate counts. But than during his appeal, clearly proved that incorrect. Attached to this sheet is a copy of what I've found & it clearly shows that the Gov't. should've grouped all 4 counts under 1 count. My right to due process under the fifth amendment to the united states constitution was plainly violated. By sentenceing me to more than 10 years.

GROUND 1 Exhibit (a)

---

UNITED STATES OF AMERICA, Plaintiff-Appellee, v. KEVIN LEE WILSON, Defendant-Appellant
UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT
920 F.2d 1290; 1990 U.S. App. LEXIS 21282
No. 90-5359
November 5, 1990, Argued
December 10, 1990, Decided
December 10, 1990, Filed

---

Editorial Information: Prior History

On Appeal from the United States District Court for the Western District of Tennessee; No. 89-20165; Odell Horton, Chief District Judge.

Disposition:
   Reversed and Remanded.

Counsel       W. Hickman Ewing, Jr., U.S. Attorney, Dan Newsom, Asst. U.S. Attorney, Office of the U.S. Attorney, Memphis, Tennessee, for Plaintiff-Appellee.
              Kemper B. Durand, Thomason, Hendrix, Harvey, Johnson, Mitchell, Blanchard, Memphis, Tennessee, for Defendant-Appellant.

Judges: Krupansky and Milburn, Circuit Judges, and Brown, Senior Circuit Judge.

CASE SUMMARY

PROCEDURAL POSTURE: Defendant appealed his sentence, which was imposed by the United States District Court for the Western District of Tennessee, following his convictions of using interstate commerce facilities in an attempt to have his wife killed, in violation of 18 U.S.C.S. § 1958. A defendant's convictions of using interstate facilities for a murder-for-hire scheme were <u>required to be grouped for sentencing, where the charges involved phone calls and a letter which were all part of one transaction</u> ← 1 Transaction was Discussed
involving the same victim.

OVERVIEW: Defendant pled guilty to six counts of using an interstate commerce facility in an attempt to have his wife killed, in violation of 18 U.S.C.S. § 1958, and was sentenced to 72 months in prison. On appeal, the court reversed as to defendant's sentence. The court held that the district court correctly applied U.S. Sentencing Guidelines Manual § 2E1.4 to determine the sentence. <u>However, the court ruled that grouping of defendant's offenses, which involved five telephone calls and a letter, was required under U.S. Sentencing Guidelines Manual 3D1.2(b) because the calls and letter involved two or more acts or transactions connected by a common criminal objective, the separate acts created a single "harm," and the acts involved the same victim</u>. — Sentencing Guidelines 3D1.2(b)
Finally, the court held that sufficient factual findings existed in the presentence report, which was adopted by the district court, to support the determination that § 2E1.4 was the correct section to apply. Diminished capacity could not be used to justify a reduction in sentence because U.S. Sentencing Guidelines Manual § 5K2.13 required that the offense be nonviolent in nature and defendant's offense was not non-violent.

OUTCOME: <u>The court affirmed defendant's convictions for using interstate facilities in an attempt to</u>

B06CASES                                    1

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Ground 1 exibit (B)

have his wife killed, but reversed his sentence and remanded for resentencing. Defendant's convictions on multiple charges involving telephone calls and a letter were a part of a single transaction with a common criminal objective and were required to be grouped for sentencing purposes.

LexisNexis Headnotes

*Criminal Law & Procedure > Criminal Offenses > Homicide > Murder > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Homicide > Solicitation of Murder > General Overview*

See 18 U.S.C.S. § 1958.

*Criminal Law & Procedure > Sentencing > Guidelines*
*Criminal Law & Procedure > Criminal Offenses > Homicide > Solicitation of Murder > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Homicide > Solicitation of Murder > Penalties*

U.S. Sentencing Guidelines Manual § 2E1.4 states: Use of interstate commerce facilities in the commission of murder-for-hire: (a) Base offense level (apply the greater): (1) 23; or (2) the offense level applicable to the underlying unlawful conduct.

*Criminal Law & Procedure > Sentencing > Guidelines*
*Criminal Law & Procedure > Criminal Offenses > Homicide > Murder > Attempted Murder > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Homicide > Murder > Attempted Murder > Elements*
*Criminal Law & Procedure > Criminal Offenses > Homicide > Murder > Attempted Murder > Penalties*
*Criminal Law & Procedure > Criminal Offenses > Homicide > Solicitation of Murder > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Homicide > Solicitation of Murder > Elements*
*Criminal Law & Procedure > Criminal Offenses > Homicide > Solicitation of Murder > Penalties*

U.S. Sentencing Guidelines Manual § 2A2.1 states: Assault with intent to commit murder: Conspiracy or solicitation to commit murder: Attempted murder: (a) Base Level 20.

*Criminal Law & Procedure > Sentencing > Guidelines*

U.S. Sentencing Guidelines Manual § 2A2.1(b) provides for increases in the offense level when certain "specific offense characteristics" exist. For example, if a gun was fired, the offense level is increased by five levels. If the victim suffers a permanent bodily injury, the offense level is increased by six.

*Criminal Law & Procedure > Sentencing > Guidelines*
*Criminal Law & Procedure > Criminal Offenses > Homicide > Solicitation of Murder > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Homicide > Solicitation of Murder > Penalties*

U.S. Sentencing Guidelines Manual § 2E1.4 sets a minimum base offense level for violations of the federal murder-for-hire statute, 18 U.S.C.S. § 1958.

*Criminal Law & Procedure > Sentencing > Guidelines*

B06CASES                                              2

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Ground 1 exibit C*

U.S. Sentencing Guidelines Manual § 3D1.2 states: Groups of closely-related counts: All counts involving substantially the same harm shall be grouped together in a single group. Counts involve substantially the same harm within the meaning of this rule: (a) when counts involve the same victim and the same act or transaction; (b) when counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan; (d) counts are grouped together if the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm. Specifically excluded from operation of this subsection are: § 2E1.4. Exclusion from grouping under subsection (d) does not necessarily preclude grouping under another subsection.

*Criminal Law & Procedure > Sentencing > Guidelines*
*Criminal Law & Procedure > Appeals > Standards of Review > De Novo Review > General Overview*
*Commercial Law (UCC) > Sales (Article 2) > Form, Formation & Readjustment > General Overview*

The application of U.S. Sentencing Guidelines Manual § 3D1.2 to a particular set of undisputed facts is a question of law that is reviewed de novo.

*Criminal Law & Procedure > Sentencing > Guidelines*

Grouping is required when the separate acts create a single "harm." The key to determining whether two offenses are sufficiently interrelated and involve substantially the same harm is whether the two offenses involve the same victim within the meaning of U.S. Sentencing Guidelines Manual § 3D1.2.

*Criminal Law & Procedure > Sentencing > Guidelines*

Application note 2 to U.S. Sentencing Guidelines Manual § 3D1.2 states that the term "victim" is not intended to include indirect or secondary victims. Generally, there will be one person who is directly and most seriously affected by the offense and is therefore identifiable as the victim.

*Criminal Law & Procedure > Sentencing > Guidelines*
*Criminal Law & Procedure > Sentencing > Imposition > Findings*
*Criminal Law & Procedure > Sentencing > Presentence Reports*
*Criminal Law & Procedure > Appeals > Remands & Remittiturs*

U.S. Sentencing Guidelines Manual § 6A1.3 provides that the district court shall resolve disputed sentencing factors. Fed. R. Crim. P. 32 provides that if any factual inaccuracies are alleged by a defendant, the court must make a finding as to that matter or make a determination that no finding is necessary because the facts in dispute will not be used in sentencing. If the sentencing judge fails to make the requisite findings and determinations or the findings are ambiguous, the case must be remanded for resentencing.

*Criminal Law & Procedure > Sentencing > Guidelines*
*Criminal Law & Procedure > Defenses > Diminished Capacity*

For diminished capacity to justify a decrease, the offense must be nonviolent in nature. U.S. Sentencing Guidelines Manual § 5K2.13.

Opinion

B06CASES                                   3

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Ground 1 exibit D

IV.

Sufficient findings were made in the presentence report to sustain the sentence. The district court's application of section 2E1.4 is correct. The case is REVERSED and REMANDED, however, for resentencing in a manner consistent with this opinion.



Footnotes



1

Section 1958, the Federal Murder-For-Hire statute, provides:

Whoever travels in or causes another . . . to travel in interstate or foreign commerce, or uses or causes another . . . to use the mail or any facility in interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State . . . as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, shall be . . . imprisoned not more than ten years. . . .

2

Application Note 2 to section 2E1.4 states that "if the offense level for the underlying conduct is less than the alternative minimum base level specified (i.e., 23), the alternative minimum base level is to be used."

3

For example, in *United States v. Carpenter*, 914 F.2d 1131, 1135 (9th Cir. 1990), section 2A2.1 was applied because it lead to a base offense level of 29.

4

Grouping means to combine several charges into one unit before assigning point values.

5

Application Note 4 to section 3D1.2 provides examples of situations covered by section 3D1.2. One example involves a party "convicted of two counts of mail fraud and one count of wire fraud, each in furtherance of a single fraudulent scheme." According to the application note, the "counts are to be grouped together even if the mailings and telephone call all occurred on different days." The defendant's use of the mail and the telephone was in furtherance of a single scheme, and should be grouped even though the acts of interstate communications occurred on different days.

6

At the December 13, 1989 sentencing hearing, Wilson also raised the issue of his acceptance of responsibility and whether the six counts Wilson plead guilty to should be grouped. The district court held that Wilson had accepted responsibility, and this court holds that the six counts should be grouped. Since Wilson has prevailed on these issues, these "disputed sentencing factors" need not be further examined.

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.


Ground 1 exibit (E)

Wilson plead guilty to six counts of use of interstate facilities with the intent that his wife be killed. Five of the counts involved recorded discussions over the telephone between Wilson and Melba Rogers arranging the killing. The sixth count involved a letter mailed by Wilson to Rogers containing money for the hit man. The district court refused to group these offenses. 4 Wilson claims that the six counts should have been grouped under U.S.S.G. § 3D1.2. Section 3D1.2 states that:

*Groups of Closely-Related Counts*

All counts involving substantially the same harm shall be grouped together in a single group. . . . Counts involve substantially the same harm within the meaning of this rule:

(a) When counts involve the same victim and the same act or transaction.

(b) When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan,. . . .

(d) Counts are grouped together if the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved or some other measure of aggregate harm,. . . .

Specifically excluded from operation of this subsection are:

. . . 2E1.4 . . .

Exclusion from grouping under [subsection (d)] does not necessarily preclude grouping under another subsection.

The government maintains that subsection (d) suggests that no grouping should occur under subsection (a) or (b) because section 2E1.4 is specifically excluded by subsection (d) from grouping under subsection (d). The government is clearly wrong. The exclusion under subsection (d) has no effect on subsection (a) or (b). Subsection (d) is meant to apply to "fungible item offenses" like money, drugs or property. Moreover, exclusion under subsection {920 F.2d 1294} (d) does "not necessarily preclude grouping under another subsection." The guidelines attempt to prevent "the possibility that an arbitrary casting of a single transaction into several counts will produce a longer sentence." *The Guidelines Resolution of Major Issues* (Guideline Manual p. 1.9). Subsections (a), (b), and (d) are different means of achieving this goal.

The application of section 3D1.2 to a particular set of undisputed facts is a question of law that is reviewed de novo. *United States v. Toler*, 901 F.2d 399, 402 (4th Cir. 1990). *See also United States v. Manuel*, 912 F.2d 204 (8th Cir. 1990). Section 3D1.2(a) does not apply to Wilson's case because the five telephone calls and the mailing of a letter are not a single "act or transaction." Because the actions occurred over a two week period, they can not be characterized as a single act. *See United States v. Moore*, 877 F.2d 651 (8th Cir. 1989). Grouping is required, however, under subsection 3D1.2(b). The telephone calls and letter involve "two or more acts or transactions connected by a common criminal objective. . . ." 5

Grouping is required when the separate acts create a single "harm." The Third Circuit has stated that "the key to determining whether two offenses are sufficiently interrelated and involve substantially the same harm is whether the two offenses involve the same victim within the meaning of section 3D1.2." *United States v. Toler*, 901 F.2d 399, 402 (1990). Moreover, Application Note 2 to section 3D1.2 states "the term victim is not intended to include indirect or secondary victims. Generally, there will be one person who is directly and most seriously affected by the offense and is therefore

B06CASES                                    6

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Page 6

GROUND TWO: Conflict of Interest or Bias Judge

(a) Supporting facts (Briefly summarize your claim. You may provide additional argument and legal citations in a separate supporting memorandum): During Court proceedings, I was brought up infront of Judge Rankin Kelly, who was the Judge at several of my court hearings. This Judge has a social Relationship with Both Victims in this case. If I'm not Mistaken I'm sure that's pointed as a Conflict of Interest. They are all 3 active members of the same church. They are all heavily involved in the Church together

(b) Direct Appeal of Ground Two:
   (1) If you appealed from the judgment of conviction, did you raise this issue?  Yes ☐  No ☒
   (2) If you did not raise this issue in your direct appeal, explain why: Well at the time, I didnt know this. But Im gonna explain it to why as, Ineffective Defense Counsel

(c) Post-Conviction Proceedings:
   (1) Did you raise this issue in any post-conviction motion, petition, or application?  Yes ☐  No ☒
   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: N/A
   Name and location of the court where the motion or petition was filed: N/A
   Docket or case number (if you know): N/A
   Date of the court's decision: N/A
   Result (attach a copy of the court's opinion or order, if available): N/A
   (3) Did you receive a hearing on your motion, petition, or application?  Yes ☐  No ☒
   (4) Did you appeal from the denial of your motion, petition, or application?  Yes ☐  No ☒
   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?  Yes ☐  No ☒
   (6) If your answer to Question (c)(4) is "Yes," state:
   Name and location of the court where the appeal was filed: N/A
   Docket or case number (if you know): N/A
   Date of the court's decision: N/A
   Result (attach a copy of the court's opinion or order, if available): N/A
   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

Page 7

GROUND THREE: ~~Entrapment~~ N/A

(a) Supporting facts (Briefly summarize your claim. You may provide additional argument and legal citations in a separate supporting memorandum): _____

N/A

(b) Direct Appeal of Ground Three:
   (1) If you appealed from the judgment of conviction, did you raise this issue? N/A   Yes ☐   No ☐
   (2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) Post-Conviction Proceedings:
   (1) Did you raise this issue in any post-conviction motion, petition, or application?   Yes ☐   No ☐
   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: N/A
   Name and location of the court where the motion or petition was filed: N/A
   Docket or case number (if you know): N/A
   Date of the court's decision: N/A
   Result (attach a copy of the court's opinion or order, if available): N/A
   (3) Did you receive a hearing on your motion, petition, or application?   Yes ☐   No ☐
   (4) Did you appeal from the denial of your motion, petition, or application?   Yes ☐   No ☐
   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?   Yes ☐   No ☐
   (6) If your answer to Question (c)(4) is "Yes," state:
   Name and location of the court where the appeal was filed: N/A
   Docket or case number (if you know): N/A
   Date of the court's decision: N/A
   Result (attach a copy of the court's opinion or order, if available): N/A
   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

Page 8

**GROUND FOUR:** _No_

(a) Supporting facts (Briefly summarize your claim. You may provide additional argument and legal citations in a separate supporting memorandum): _N/A_

(b) Direct Appeal of Ground Four:
   (1) If you appealed from the judgment of conviction, did you raise this issue? _N/A_  Yes ☐  No ☒
   (2) If you did not raise this issue in your direct appeal, explain why: _N/A_

(c) Post-Conviction Proceedings:
   (1) Did you raise this issue in any post-conviction motion, petition, or application?  Yes ☐  No ☒
   (2) If your answer to Question (c)(1) is "Yes," state: _N/A_
   Type of motion or petition: _N/A_
   Name and location of the court where the motion or petition was filed: _N/A_
   Docket or case number (if you know): _N/A_
   Date of the court's decision: _N/A_
   Result (attach a copy of the court's opinion or order, if available): _N/A_
   (3) Did you receive a hearing on your motion, petition, or application?  Yes ☐  No ☒
   (4) Did you appeal from the denial of your motion, petition, or application?  Yes ☐  No ☒
   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?  Yes ☐  No ☒
   (6) If your answer to Question (c)(4) is "Yes," state: _N/A_
   Name and location of the court where the appeal was filed: _N/A_
   Docket or case number (if you know): _N/A_
   Date of the court's decision: _N/A_
   Result (attach a copy of the court's opinion or order, if available): _N/A_
   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _N/A_

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____
   NA

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐   No ☒

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.
   NA

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: James Barrett

   (b) At arraignment and plea: James Barrett

   (c) At trial: Didnt go to trial. But if had, James Barrett

   (d) At sentencing: James Barrett

   (e) On appeal: Grant Smith office of the Federal Public Defenders District of Wyoming 214 west Lincolnway ‡ Suite 31A Cheyenne WY 82001

   (f) In any post-conviction proceeding: NO

   (g) On appeal from any ruling against you in a post-conviction proceeding: NO

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?
    Yes ☐ No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

    (b) Give the date the other sentence was imposed: N/A

    (c) Give the length of the other sentence: N/A

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☒

Please go to Question 18

Page 11

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* _N/A_

_____
_____
_____
_____
_____
_____
_____
_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 12

Therefore, movant asks that the Court grant the following relief: **Im asking to have this Sentence Vacated & Set aside for Re-Sentencing. Appoint Counsel, Set this case for Evidentiary Hearing, Vacate Conviction, any other Relief. I Believe this has Merit** or any other relief to which movant may be entitled. **Have a Blessed Day, Thank you.**

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the institutional mailing system or deposited with prison officials on ~~_____~~ 11-19-2017 _____ (month, day, year). I attest that first-class postage has been prepaid.

Executed (signed) on 11-19-2017 _____ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

_____
_____
_____

# Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody

## (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States District Court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments containing legal citations, you must submit them in a separate memorandum.

6. No fee is required to file this motion.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and one copy to the Clerk of the United States District Court at either of these addresses:

   Office of the Clerk of Court                Office of the Clerk of Court
   United States District Court of Wyoming    United States District Court of Wyoming
   111 South Wolcott, Room 211                2120 Capitol Avenue, Room 2131
   Casper, WY 82601                           Cheyenne, WY 82001

9. **CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

Andrew Silican, #14126-091
United States Penitentiary
P.O. Box 7000
Florence, CO 81226

Legal Mail

Office of the Clerk of Court
United States District Court of Wyoming
2120 Capitol Avenue, Room 2131
Cheyenne, WY 82001








*{ Legal Mail }*

NOV 20 2017
RECEIVED

U.S. Penitentiary - Max
Attn: CSD-Mail Room
P.O. Box 7500
Florence, CO 81226

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.