# Motion To Support 2255

- I've Rescently filed My 2255, But do to Rescent developments Conserning a Case in the first Circuit, Relating to My Case I wanted this to Be looked at as well. attached are Some points I would like the Court to also take into Consideration. I appoligise for this inconvience.

Thank you

11-21-17

Andrew Silicani

1. In *United States v. Long*, 787 F.2d 538 (10th Cir. 1986) the Tenth Circuit held that a defendant can challenge impermissible counts "raised for the first time in a motion under [28 U.S.C. §] 2255." *Long*, 787 F.2d at 538-39. This is because "[t]hat provision specifically allows a motion asserting that the sentence was in excess of the maximum authorized by law . . . ." *Id.* Accordingly, it is permissible to bring a collateral challenge to the unit of prosecution for the first time in a § 2255 petition. *Id.* (citing *United States v. LeMon*, 622 F.2d 1022 (10th Cir. 1980); *Williams v. United States*, 385 F.2d 46 (5th Cir. 1967); and 3 C. Wright, Federal Practice and Procedure 594, at 455 (1982)).

2. Petitioner was charged with four counts of violating 18 U.S.C. § 1958, Use of Interstate Commerce Facilities in the Commission of Murder-For-Hire. Each count carried a statutory maximum penalty of ten years. 18 U.S.C. § 1958. Petitioner was involved in one murder-for-hire plot. The government's charging theory was that each letter petitioner sent in furtherance of this single plot constituted a separate unit of prosecution. In other words, because petitioner sent four letters, he was subject to four counts. Petitioner pled guilty to all four counts and was sentence to 35 years imprisonment.

3. The First Circuit Court of Appeals recently held in *United States v. Gordon*, 2017 WL 5150276, -- F.3d – (1st Cir. Nov. 7, 2017), that the unit for prosecution for the federal murder-for-hire statute is <u>not</u> each use of the facilities of interstate commerce. "Congress did not intend to punish separately each use of the facilities of interstate commerce," instead the unit of prosecution is "plot-centric" and the "proper unit of prosecution under the murder-for-hire statute is a single plot to murder a single individual." *Gordon*, 2017 WL 5150276, at *7. Under *Gordon*, the indictment in petitioner's case was multiplicitous and his conviction violates the Double Jeopardy Clause of the Constitution.

4. As the First Circuit reasoned, any other unit of prosecution would produce absurd results. "The government's proposed unit of prosecution would frustrate the congressional aim: it would, for example, expose a person who made ten telephone calls in service of a failed plot that caused no injury to anyone to a much steeper maximum sentence than a person who, as a result of a single telephone call, caused substantial personal injury to a victim. Such a result seems irrational when considered in light of the evident purpose of the statute's sentencing scheme." *Id.*

5. The First Circuit is supported by the Sixth Circuit which held in *United States v. Wynn*, 987 F.2d 345 (6th Cir. 1993) that "separate phone calls which relate to one plan to murder one individual constitute only one violation of 18 U.S.C. § 1958."

6. Moreover, as the Tenth Circuit has made clear, even if the statute is ambiguous, petitioner is entitled to relief. *See Long*, 787 F.2d at 539 ("Ambiguity in the definition of conduct to be punished by a criminal statute must be settled against turning a single transaction into multiple offenses.").

7. As a result, the unit of prosecution, is the murder-for-hire plot. Because there was only one plot at issue here, any sentence above the ten year maximum under 18 U.S.C. § 1958 is in "excess of the maximum authorized by law." 28 U.S.C. § 2255.

8. Petitioner respectfully requests that his sentence be vacated and that he be appointed counsel for this proceeding.



Andrew Silicani #74126-091
United States Penitentiary
P.O. Box 7000
Florence, CO 81226

Legal Mail

Office of the Clerk of Court
United States District Court of Wyoming
2120 Capitol Avenue, Room 2131
Cheyenne, WY 82001